UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MERRILL LYNCH, PIERCE, FENNER,:
& SMITH INC.,                 :
                              :
     Plaintiff,               :
                              :
v.                            :   Civil No. 3:06CV01603 (AWT)
                              :
PAUL M. MIOLENE,              :
                              :
     Defendant.               :
                              :
------------------------------x
```

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

The court has considered (1) the Complaint (Doc. No. 1), the motion for a temporary restraining order (Doc. No. 5-1), the memorandum of law in support thereof, with accompanying exhibits (Doc. Nos. 5-2 and 5-3), and the affidavit of Thomas Pacilio (Doc. No. 5-4) submitted by plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), (2) the memorandum of law in opposition to the motion for a temporary restraining order and accompanying exhibits (Doc. No. 9), submitted by defendant Paul M. Miolene ("Miolene"), (3) Merrill Lynch's supplemental memorandum of law in support of the motion for a temporary restraining order (Doc. No. 13), (4) Miolene's supplemental filing on the 100 mile issue (Doc. No. 16), and (5) Merrill Lynch's second supplemental memorandum of law in support of Merrill Lynch's motion for a temporary restraining order and

injunctive relief (Doc. No. 17), as well as the arguments of counsel for the parties at the hearings held on October 13 and 18, 2006. Based on the current record, the court has determined that the plaintiff has satisfied the requirements for the granting of temporary injunctive relief, as set forth in <u>Nemer Jeep-Eagle, Inc. v. Jeep-Eagle Sales Corp.</u>, 992 F.2d 430, 433 (2d Cir. 1993) (<u>citing</u> <u>Travellers Int'l AG v. Trans World Airlines, Inc.</u>, 722 F.Supp. 1087, 1104-05 (S.D.N.Y. 1989)).

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Miolene is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Miolene's new employer, Morgan Stanley, from:

    (a) competing with Merrill Lynch within 100 miles of Merrill Lynch's Fairfield, Connecticut office, where Miolene was employed;

    (b) using, disclosing, or transmitting, for any purpose, information contained in the records of Merrill Lynch or concerning its clients, including for purposes of soliciting business or account transfers from any client formerly serviced by Miolene or whose names became known

        to him while in the employ of Merrill Lynch, unless such information was obtained by Miolene independently of Merrill Lynch's records; and

  (c)  destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Miolene's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch customers, or which relate to any of the events alleged in the Complaint in this action.

Nothing in this order shall be construed to (i) preclude Miolene, directly or indirectly, acting alone or in concert with others, from accepting the transfer of any account from any Merrill Lynch client who wishes to transfer his or her account to Morgan Stanley; (ii) bar or restrict the submission, delivery, or acceptance of a written request to Miolene or his employer from a customer to transfer his or her account; or (iii) preclude Miolene from competing with Merrill Lynch with

respect to clients located more than 100 miles from Merrill Lynch's Fairfield, Connecticut office.

2.  Miolene, and anyone acting in active concert or participation with Miolene, including Miolene's attorney and any agent, employee, officer or representative of Miolene's new employer, Morgan Stanley, are further ordered to return to Merrill Lynch's Connecticut counsel any and all information pertaining to Merrill Lynch customers ("Customer Information") whether in original, copied, computerized, handwritten or any other form, by no later than twenty-four (24) hours after service upon Miolene or his legal counsel of this order.

3.  Any and all Customer Information within the possession, custody or control of Miolene that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 2. above shall be permanently deleted by a Merrill Lynch representative.  Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer.  Miolene, and anyone acting in concert with Miolene, are precluded from reconstituting or in any way restoring any Customer Information

deleted pursuant to this paragraph and returned to Merrill Lynch pursuant to paragraph 2. above.

4.   This order shall remain in full force and effect until such time as either an NASD arbitration panel renders a final decision on Merrill Lynch's request for permanent injunctive relief or this court specifically orders otherwise;

5.   The parties are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before the court.  Any disputes regarding discovery will be resolved by means of an expedited telephonic conference with the court.

6.   Pending a preliminary injunction hearing before this court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to commence and proceed with arbitration in accordance with Rule 10335(b) of the Code of Arbitration Procedure of the National Association of Securities Dealers.

7.   Miolene shall show cause before this court on November 3, 2006 at 9:30 a.m., or as soon thereafter as counsel may be heard, why a preliminary injunction, on the terms set forth by the plaintiff in its motion for a preliminary injunction (Doc. No. 5), should not be ordered.

8.   Merrill Lynch shall post security in the amount of $10,000 no later than October 26, 2002.

It is so ordered.

Dated this 19th day of October 2006, at Hartford, Connecticut.

```
                         /s/AWT
                    Alvin W. Thompson
                 United States District Judge
```